**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 17 2016

JAMES W/McCORMACK, CLERK
By:_____
           DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

LARRY HOUSTON-HUFF

                                                          PLAINTIFF

VS.                    NO. _4:16cv751-KGB_

TARGET CORPORATION                                        DEFENDANT

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, defendant target

Corporation ("Target") hereby gives notice of the removal of this action from

the Circuit Court of Pulaski County, Arkansas, to the United States District

Court for the Eastern District of Arkansas, Western Division.  Removal

jurisdiction is based on the following:

This case assigned to District Judge _Baker_
and to Magistrate Judge_____Kacy_____

1.     This lawsuit is a civil action within the meaning of the Acts of

Congress relating to the removal of cases.

2.     This case, styled *Larry Houston-Huff v. Target Corporation*, was

filed on September 14, 2016 in the Circuit Court of Pulaski County, Arkansas,

as civil action number 60CV-16-5155 on the docket of that Court.

3.     Target was served with summons, along with plaintiff's complaint

on September 23, 2016.  This Notice of Removal is filed within thirty (30) days

of the first delivery of a summons and complaint to Target or its agent for

service.  Copies of the summons, affidavit of service, plaintiff's complaint are

attached hereto collectively as Exhibit 1, these constituting all the process and

pleadings that have been delivered to Target.

4.      Target filed its answer to the plaintiff's complaint on October 14, 2016.  A copy of the answer is attached hereto as Exhibit 2.

5.      This case is removed pursuant to 28 U.S.C. § 1441(a) and (b). Jurisdiction in the United States District Court for the Eastern District of Arkansas, Western Division is based on 28 U.S.C. § 1332.

6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a) because this action is between citizens of different states and the matter in controversy exceeds $75,000, excluding interest and costs.

7.      Plaintiff is a resident and citizen of the State of Arkansas.  *See* Exhibit 1, Plaintiff's Complaint at ¶ 1.

8.      Target is a corporation foreign to the State of Arkansas, authorized to transact business in Arkansas.  *Id.* at ¶ 2.  Target is incorporated under the laws of, and maintains its principal place of business in, the State of Minnesota.  *Id.*

9.      The amount in controversy sought by plaintiff exceeds $75,000 as plaintiff seeks both compensatory *and* punitive damages and seeks an award of such damages "to the full amount allowed by jurisdictional limits." *Id.* at Prayer for Relief.

10.     The United States District Court for the Eastern District of Arkansas, Western Division, embraces the county in which the state court action is now pending.  Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

11.    In accordance with 28 U.S.C. § 1446(d), Target will file a file-marked copy of this notice of removal with the Circuit Clerk of Pulaski County, Arkansas.

12.    Undersigned counsel states that this removal is well-grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, defendant Target Corporation hereby removes this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division and seeks resolution by this Court of all issues raised herein.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
Fax: (501) 376-9442
E-mail:  kwilson@wlj.com

By _____
    Kyle R. Wilson (89118)
    *Attorneys for defendant Target Corporation*

## CERTIFICATE OF SERVICE

On October 17, 2016, a copy of the foregoing was served by U.S. mail on:

S.L. Smith
The Firm, PLLC
300 S. Spring Street, Suite 300
Little Rock, Arkansas 72201
*Attorney for Plaintiff*

Kyle R. Wilson

Serve

THE CIRCUIT COURT OF **PULASKI** COUNTY, ARKANSAS

**CIVIL** DIVISION [Civil, Probate, etc.]

## Larry Houston-Huff
Plaintiff

v.                                    No. _____

## Target Corporation
Defendant

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

## Target Corporation
[Defendant's name and address.]

124 West Capitol Ave, Suite 1900 Little Rock, AR 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: S.L. Smith, The Firm, PLLC 300 S. Spring St, Little Rock, AR 72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

401 W. Markham St #100

Little Rock, AR 72201

_____
[Signature of Clerk or Deputy Clerk]

Date:_____

[SEAL]

**EXHIBIT**
**1**

No. _____ **This summons is for** Target Corporation _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☒ I delivered the summons and complaint to The Crp Co [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of Target Corp _____[name of defendant] on 9-23-16 [date]; or
10 3/AM

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                          By: _____
                          [Signature of server]

                          _____
                          [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 9-23-16          By: *Alan Coyle*
                        [Signature of server]

                        *Alan Coyle*
                        [Printed name]

Address: *1524 Main St*

         *Little Rock, AR*

Phone: *501 376 8329*

Subscribed and sworn to before me this date: _____

                        _____
                        Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____



Arkansas Judiciary

**Case Title:**         LARRY HOUSTON HUFF V TARGET CORPORATION

**Case Number:**    60CV-16-5155

**Type:**                 SUMMONS - FILER PREPARED

So Ordered

Natarsha Pickens

Electronically signed by NRPICKENS on 2016-09-15 08:50:00      page 4 of 4

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Sep-14 13:03:14
60CV-16-5155
C06D17 : 3 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### CIVIL DIVISION

LARRY HOUSTON- HUFF                                        **PLAINTIFF**

VS.                                CASE NO. _____

TARGET CORPORATION                                       **DEFENDANT**

### COMPLAINT

Plaintiff Larry Houston, by and through his attorney, S.L. Smith, and for his Complaint against the defendant, Target Corporation, states:

### JURISDICTION AND VENUE

1.     The Plaintiff, Larry Houston (hereinafter referred to as "Mr. Houston") was at all times cited herein, an adult resident of Little Rock, Pulaski County, Arkansas.

2.     The Defendant, Target Corporation (hereinafter referred to as "Target") is a business, whose corporate office is located at 1000 Nicollet Mall, in Minneapolis, Minnesota, but has a location in North Little Rock, Pulaski County, Arkansas.

3.     All facts complained of occurred in North Little Rock, Pulaski County, Arkansas.

4.     This Court is a court of proper jurisdiction and venue.

### FACTS

5.     On or about July 4, 2014, at 4000 McCain Blvd, North Little Rock, AR 72116, Mr. Houston was shopping at Target when he slipped and fell on a puddle of liquid that had been left unattended and unmarked to signify the surface was wet and dangerous to walk on.

6.     The facts surrounding the incident allege that Mr. Houston was shopping at the Defendant's store when he walked down a store aisle and slipped on a puddle of liquid that had accumulated and that had been left unattended and unmarked in the middle of the aisle.

7.      The wet surface caused Mr. Houston to fall to the ground on the hard surface, causing serious injury to Mr. Houston's knee.

8.      Target had a duty to exercise ordinary care in the operation and maintenance of its property.

9.      Target negligently breached that duty in connection with the above described accident in the following particulars:

(a)     Failure to maintain property;

(b)     Failure to create a safe environment for customers;

(c)     Failure to indicate a hazardous area;

(d)     Failure to exercise ordinary care under all the existing circumstances.

11.     As a proximate result of Target's negligence as set forth herein, Mr. Houston sustained serious and permanent injuries to the body, including but not limited to serious injuries to his knee. Further, Ms. Houston's injuries have caused and will continue to cause pain and suffering, mental anguish, medical expenses, loss of earnings, and impairment of earning capacity.

## DAMAGES FOR MR. HOUSTON

12.     As a sole result of Target's negligence, as set forth herein, Mr. Houston has sustained and should recover the following damages:

(a)     Mr. Houston has sustained injuries to his body as a whole;

(b)     Mr. Houston has incurred medical bills and will experience future medical bills for reasonable care and treatment of his condition;

(c)     Mr. Houston has experienced excruciating pain, suffering, and mental anguish in the past and will continue to experience pain, suffering, and mental anguish in the future.

(d)     Mr. Houston has sustained lost wages due to his injuries and due to his need

to take time off work to receive treatment for said injuries.

13.     For all of which, Mr. Houston is entitled to recover damages in the amount of

$60,000.00.

## DEMAND FOR JURY TRIAL

14.     Mr. Houston demands a trial by jury on all issues herein plead.

15.     Mr. Houston reserves the right to amend or supplement this pleading and plead for

any other just and proper relief.

WHEREFORE, the Plaintiff, Larry Houston, requests a recovery of compensatory and

punitive damages against the Defendant, Target Corporation, to the full amount allowed by

jurisdictional limits, together with costs herein expended, and all other just and proper relief to

which he may be entitled.

Respectfully submitted,
LARRY HOUSTON-HUFF


BY:     /s/ S. L. Smith
        S.L. Smith.
        The Firm, PLLC
        300 S. Spring Street, Ste. 300
        Little Rock, Arkansas 72201
        T: (501) 429-4885
        F: (501) 429-4886

        *ATTORNEY FOR THE PLAINTIFF*

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Oct-14  13:58:44
60CV-16-5155
C06D17 : 7 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SEVENTEENTH DIVISION

LARRY HOUSTON-HUFF                                                    PLAINTIFF

VS.                               NO. 60CV-16-5155

TARGET CORPORATION                                                   DEFENDANT

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant Target Corporation ("Target"), by and through counsel Wright, Lindsey & Jennings LLP, submits the following as its answer to the plaintiff's complaint:

1.      Target does not have sufficient information to either admit or deny the allegations in paragraph 1 of plaintiff's complaint.  Accordingly, such allegations are denied.

2.      Target admits the allegations in paragraph 2 of plaintiff's complaint.

3.      Target does not have sufficient information to either admit or deny the allegations in paragraph 3 of plaintiff's complaint.  Accordingly, such allegations are denied.

4.      Target does not have sufficient information to either admit or deny the allegations in paragraph 4 of plaintiff's complaint.  Accordingly, such allegations are denied.

5.      Target does not have sufficient information to either admit or deny the allegations in paragraph 5 of plaintiff's complaint.  Accordingly, such allegations are denied.

**EXHIBIT
2**

6.      Target does not have sufficient information to either admit or deny the allegations in paragraph 6 of plaintiff's complaint.  Accordingly, such allegations are denied.

7.      Target does not have sufficient information to either admit or deny the allegations in paragraph 7 of plaintiff's complaint.  Accordingly, such allegations are denied.

8.      Target denies the allegations in paragraph 8 of plaintiff's complaint.

9.      Target denies the allegations in paragraph 9 of plaintiff's complaint, inclusive of subparts (a)-(d).

10.      Target states affirmatively that there is not a paragraph numbered "10" in plaintiff's complaint/

11.      Target denies the allegations in paragraph 11 of plaintiff's complaint.

12.      Target denies the allegations in paragraph 12 of plaintiff's complaint, inclusive of subparts (a)-(d).

13.      Target denies the allegations in paragraph 13 of plaintiff's complaint.

14.      Target denies the allegations and claims for relief and damages set forth in the prayer for relief in plaintiff's complaint, which are set out in the paragraph beginning with the word, "**WHEREFORE**."

15.      Target denies all material allegations in the plaintiff's complaint not specifically admitted in this answer.

16.      Target affirmatively pleads all defenses available pursuant to Ark. R. Civ. P. 8(c) and Fed. R. Civ. P. 8(c).

17.     Target affirmatively pleads all defenses available, all limitations of damages and recovery, and all procedural requirements set forth in the Arkansas Civil Justice Reform Act of 2003, as amended (Ark. Code Ann. § 16-55-201, *et seq.*) to the extent applicable.

18.     Target affirmatively pleads that any injuries or damages sustained by plaintiff proximately resulted from his own fault.

19.     Target affirmatively pleads that any injuries or damages sustained by plaintiff proximately resulted from the fault of others for whom Targets has no responsibility or legal liability and moves for the apportionment of fault pursuant to Ark. Code Ann. § 16-61-201 *et seq.*

20.     Target affirmatively pleads that plaintiff's complaint fails to state facts upon which relief can be granted against Target.

21.     Target affirmatively pleads that it did not owe any duty arising by operation of law to plaintiff, the breach of which proximately caused damages to the plaintiff.

22.     Target states affirmatively that plaintiff's complaint fails to states facts upon which relief can be granted which subjects plaintiff's complaint to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

23.     Target affirmatively pleads that the imposition of punitive or exemplary damages against them would violate their constitutional rights under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the excessive fines clause in the Eighth

Amendment to the Constitution of the United States, the double jeopardy clause in

the Fifth Amendment to the Constitution of the United States, similar provisions in

the Arkansas Constitution and/or the common law and public policies in Arkansas,

and/or applicable statutes and court rules, in the circumstances of this litigation,

including but not limited to, the following reasons:

a.   imposition of such punitive or exemplary damages by a jury which (1) is

not provided standards of sufficient clarity for determining the

appropriateness and the appropriate size of such punitive or exemplary

damages award, (2) is not adequately and clearly instructed on the limits

on punitive or exemplary damages imposed by the principles of deterrence

and punishment, (3) is not expressly prohibited from awarding punitive or

exemplary damages or determining the amount thereof, in whole or in

part, on the basis of invidiously discriminatory characteristics, including

the corporate status, wealth, or state of residence of Target, (4) is

permitted to award punitive or exemplary damages under a standard for

determining liability for such damages which is vague and arbitrary and

does not define with sufficient clarity the conduct or mental state which

makes punitive and exemplary damages permissible, and (5) is not subject

to trial court appellate judicial review for reasonableness and the

furtherance of legitimate purposes on the basis of objective standards;

b.  imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

c.  imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d.  imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive and exemplary damages issues only if and after the liability of Target has been found on the merits;

e.  imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, under state law subject to no predetermined limit, such as a maximum multiple of compensatory damages or maximum amount; and/or

f.  imposition of such punitive or exemplary damages, and determination of the amount of an award thereof may subject Target to impermissible multiple punishment for the same alleged wrong.

24.   Target requests that the trial of this matter be bifurcated as to the issues of compensatory and punitive damages pursuant to the Civil Justice Reform Act of 2003, Ark. Code Ann. §§ 16-55-201, *et seq.*

25.   Target hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of

discovery herein and, thus, reserves the right to amend this answer to assert any such defenses prior to trial.

26.    Target reserves the right to file an amended answer, counter-claim or third party complaint.

27.    Target demands a trial by jury on all issues of fact arising herein.

WHEREFORE, Target Corporation prays that the plaintiff's complaint be dismissed, for its costs, attorney fees and all other just and proper relief to which they may be entitled.

WRIGHT, LINDSEY & JENNINGS, LLP
200 W. Capitol Ave., Suite 2300
Little Rock, Arkansas 72201
(501) 371-0808
FAX: (501) 376-9442

By _____
    Kyle R. Wilson (89118)
    *Attorneys for Target Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following and I have also sent a copy to the following via U.S. Mail:

S.L. Smith
The Firm, PLLC
300 S. Spring Street, Suite 300
Little Rock, Arkansas 72201
*Attorney for Plaintiff*

Kyle R. Wilson